PER CURIAM.
This disciplinary proceeding is before the Court for review of the referee’s report. In response to the complaint of The Florida Bar, respondent filed a Conditional Guilty Plea for Consent Judgment of six months’ suspension from the practice of law. The proceedings were then stayed to obtain review by and a recommendation from the Board of Governors. The Board of Governors approved the consent judgment providing for a six-month suspension conditioned upon further disciplinary provisions requiring proof of rehabilitation for reinstatement and assessment of costs. Respondent agreed to these further provisions and the referee adopted such terms as the recommended discipline.
Based on respondent’s admissions to the Bar’s allegations, the referee found that respondent, while employed as an assistant state attorney, informed a person who was then the object of a criminal investigation that the investigation was taking place, with the result that the criminal activities were curtailed with detriment to the continuing investigation. The referee found that respondent thereby violated the Code of Professional Responsibility, Disciplinary Rule 1-102(A)(5), which provides: “A lawyer shall not engage in conduct that is prejudicial to the administration of justice.”
The referee’s findings on a second count were that respondent told an undercover agent that she knew where to obtain cocaine and that she later denied under oath making the statement and that the statement itself was true. The referee found that respondent had thereby violated Disciplinary Rule 1~102(A)(3), which forbids “illegal conduct involving moral turpitude,” and Disciplinary Rule 1-102(A)(4), which proscribes “conduct involving dishonesty, fraud, deceit, or misrepresentation.”
Following the referee’s approval of the consent judgment plea and incorporating the conditions imposed by the Board of Governors, we hereby suspend respondent from the practice of law in Florida for six months. Reinstatement shall be conditioned upon proof of rehabilitation as required by article XI, Rule 11.10 of the Integration Rule of The Florida Bar. Costs in the amount of $444.50 are assessed against respondent, with interest at 12% to accrue on costs not paid within thirty days of this order, for which let execution issue.
It is so ordered.
BOYD, Acting C.J., and OVERTON, MCDONALD, EHRLICH and SHAW, JJ., concur.